UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY E. WATKINS-EL                                                                 PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:04CV-564-S

WILLIAM GLASS, et al                                              DEFENDANTS

### **MEMORANDUM OPINION**

This matter is before the court on the motion of the defendants, William Glass and Joe Miller, to dismiss.

The issues have been briefed by both the movants and the respondent.

The plaintiff's claim against the defendant Miller is based upon supervisory liability. The plaintiff has revealed no specific facts indicating that Miller violated the plaintiff's due process rights nor is there evidence that Miller had knowledge of or participated in any of the agreements between defendant Glass and the plaintiff. *Respondeat superior* cannot form the basis for liability in an action under 42 U.S.C. § 1983. *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978). The court concludes that the defendant Miller's motion to dismiss the claims against him in his individual capacity should be granted.

The defendants have also moved to dismiss on the basis that the plaintiff's claims are beyond the applicable one-year statute of limitations for claims under Section 1983.

The complaint in this action was filed on September 27, 2004. The plaintiff's allegations concerning the defendants' conduct with regard to the revocation of his parole are alleged to have occurred in July and August of 2003. They are therefore time barred by the statute of limitations

applicable to Section 1983 cases. *Brown v. Wigginton*, 981 F.2d 913 (6th Cir. 1992); KRS 413.14(1)(a).

The plaintiff's remaining due process claims against defendants Glass and Miller will therefore be dismissed with prejudice by separate order.

cc:   Plaintiff *pro se*
      Counsel of Record